**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52764**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 6, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AURELIO RALPH GAYTON, IV, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barry McHugh, District Judge.

Judgment of conviction and unified sentence of forty years, with a minimum period of confinement of fifteen years, for felony driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender; and Katherine Ball and Faith Quigley, University of Idaho Legal Aid Clinic, Boise, for appellant

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Aurelio Ralph Gayton, IV, pled guilty to felony driving under the influence and being a persistent violator, Idaho Code §§ 18-8004, 18-8005(9), and 19-2514. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified term of forty years with fifteen years determinate to be served concurrently with two separate cases. Gayton appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15

1

(Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Gayton's judgment of conviction and sentence are affirmed.